**Anthony L. SUMMERS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 01–3180.**

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 6, 2001.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

PER CURIAM.

Anthony Summers petitions for review of the December 20, 2000, decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely. Because the Board correctly found that Summers did not show good cause for delay, it did not abuse its discretion in declining to waive or toll the deadlines. Therefore, we *affirm*.

## Background

Summers was employed as Mailhandler, PS–04, Orlando, Florida, for the United States Postal Service ("agency") until December 3, 1999. On that date, he was removed.

On December 21, 1999, Summers filed a timely appeal with the Board's Atlanta Regional Office claiming that he had been unlawfully placed in enforced leave status between February 8, 1999, and December 3, 1999. This appeal was dismissed on May 4, 2000, for lack of jurisdiction. This decision informed Summers that the decision would become final unless a petition for review was filed by June 8, 2000.

On December 21, 1999, Summers also filed an appeal from the agency action removing him from his position as Mailhandler. On May 16, 2000, the administrative judge affirmed the agency's removal action. This decision informed Summers that the decision would become final unless a petition for review was filed by June 20, 2000.

On July 5, 2000, Summers filed a single petition for review of the above decisions. This was 27 days and 15 days, respectively, past the deadlines set by law. 5 C.F.R. § 1201.114(d).[1]

In response to a notice from the Board about the apparent untimeliness of his petition, Summers filed a "Motion to Accept as Timely or to Waive Time Limit" dated July 21, 2000. In this motion, Summers stated that he first consulted with his attorney on June 8, 2000, and that his attorney had advised him that he had until July 20, 2000, to file a petition for review.

---

1. We need not and do not address whether a single petition may seek review from two separate decisions by two different administrative judges on two different dates.

On December 20, 2000, the Board issued an *Opinion and Order* dismissing Summers' petition for review as untimely filed with no showing of good cause for delay, finding that Summers had "not shown due diligence, and has not presented evidence of circumstances beyond his control that affected his ability to comply with the time limit, or of unavoidable casualty or misfortune that shows a causal relationship to his inability to timely file his petition." *Summers v. United States Postal Serv.*, No. AT–0752–00–0237–I–1, 87 M.S.P.R. 403 (M.S.P.B. Dec. 20, 2000) (Final Order).

## DISCUSSION

■ A petition for review must generally be filed within 35 days after the issuance of the initial decision. 5 C.F.R. § 1201.114(d). The Board will waive this time limit only upon a showing of good cause for the delay in filing. *Id.*, §§ 1201.12, 1201.114(f). Petitioner has the burden to prove good cause. *Alonzo v. Dep't of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980).

■ Here, Summers filed his petition 27 days after the first deadline and 15 days after the second deadline. As his sole excuse, Summers states that an attorney misinformed him of the final date for filing a petition for review. However, Summers did not even meet with the lawyer until June 8, 2000, the final day upon which he could contest the May 4, 2000, order. This clearly does not show diligence as to that decision. As further evidence of lack of diligence, particularly with respect to the second deadline, Summers did not attempt to re-contact his attorney during the period between June 8 and July 11. The second deadline, of course, was June 20, 2000. Additionally, the letter Summers proffers as evidence of misinformation as to the filing deadline was not received by him until mid-July, which is at least several weeks beyond both deadlines specifically set forth in the Board's decisions. The fact that the letter erroneously indicated that Summers had until *July* 20, 2000 (the latter of the two deadlines being *June* 20, 2000), to file a petition for review does not change the fact that this advice was sought too late for Summers to timely file. Moreover, that he filed on July 5, before he received the letter, suggests he was not relying on any advice from the lawyer. Finally, the contents of the letter indicate that the lawyer whom Summers consulted had not even accepted Summers as a client—as is further evidenced by Summers' pro se filing of July 5 before the Board.

This court may not disturb a final decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, otherwise contrary to law, or if the factual predicates of the decision are not supported by substantial evidence. 5 U.S.C. § 7703(c). In the present case, substantial evidence supports the Board's decision, especially its findings relating to lack of diligence. There is no dispute Summers' petition was untimely. Summers received the agency's final decisions on May 4, 2000, and May 16, 2000, but did not file a petition for review until weeks after both deadlines, and his excuses were correctly found inadequate. At the very least, the Board's finding that he failed to carry his burden of proof to show good cause is supported by substantial evidence. Nor did petitioner even allege circumstances beyond his control. Accordingly, the Board did not abuse its discretion in declining to waive the filing deadlines. Therefore, the Board's dismissal is affirmed.